IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTY L. CARLSON, | ) | 4:09CV3213 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA and | ) | |
| DR. KEN HUBBARD, | ) | |
| | ) | |
| Defendants. | ) | |

On December 7, 2010, the court entered judgment in accordance with the jury's verdict and awarded the plaintiff, Christy L. Carlson, damages in the amount of $280,000.00 on her Title VII retaliation claim against the defendants, Board of Regents of the University of Nebraska and Dr. Ken Hubbard.[1]  On December 13, 2010, the plaintiff filed a motion for an award of attorney's fees, together with supporting affidavits and a brief.[2]  On December 28, 2010, counsel for the defendants advised the court by email that "[w]e do not have any objections to the plaintiff's showing of the hours expended or Ms. Shiffermiller's fee rate. . . . [and] agree that the requested fee of $20,037.40 in attorney's fees is reasonable."

---

[1] On December 30, 2010, the defendants filed a renewed motion for judgment as a matter of law or, in the alternative, for a new trial.  That motion remains pending.

[2] Although the plaintiff indicates that the motion is filed pursuant to 42 U.S.C. § 1988(b), the correct statutory provision is 42 U.S.C. § 2000e-5(k), which states: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs, . . .."  The plaintiff's motion also references "costs in the amount of $1,135.26." (Filing 62.)  The clerk of the court taxed costs against the defendants for this amount on December 28, 2010.  (See filing 70.)

The court finds that the requested attorney's fee award is fair and reasonable and concludes that the plaintiff's motion should be granted. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for attorney's fees (filing 62) is granted.

2. Judgment shall be entered by separate document generally providing that the plaintiff is awarded attorney's fees in the amount of $20,037.40.

January 4, 2011.  BY THE COURT:

*Richard G. Kopf*
United States District Judge