IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTY L. CARLSON, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3213 |
| ) | |
| V. ) | |
| ) | |
| BOARD OF REGENTS OF THE ) | **MEMORANDUM AND ORDER** |
| UNIVERSITY OF NEBRASKA, and ) | |
| DR. KEN HUBBARD, Director of High ) | |
| Plains Regional Climate Center, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before me is the Motion for Judgment as a Matter of Law or for a New Trial (filing no. 72) submitted by the University of Nebraska and Ken Hubbard. I will grant the motion in part and deny it in part. I will order a new trial on liability and damages regarding the Title VII retaliation claim. Otherwise, the motion will be denied.

The jury found in favor of the defendants on the plaintiff's sex discrimination claim, the plaintiff's religious discrimination claim, and the plaintiff's First Amendment retaliation claim. (Filing no. 55 (Verdict Form).)¹ However, the jury found in favor of the plaintiff on her Title VII retaliation claim. (*Id.* at CM/ECF p. 2.) The jury found that the plaintiff had not suffered any lost wages or benefits. (*Id.* at CM/ECF p. 3.) Excluding lost wages and benefits, the jury awarded $280,000 to the plaintiff for "other damages" which included such things as "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." (*Id.* at CM/ECF p. 3; filing no. 49

---

¹At the conclusion of the plaintiff's case in chief, I sustained the defendants' Rule 50 motion regarding the plaintiffs' constructive discharge claim. (*E.g.*, filing no. 57.) After the jury rendered its verdict, I also concluded that the plaintiff was not entitled to reinstatement or front pay. (*Id.*)

at CM/ECF p. 14 (Instruction No. 13).) The jury was instructed that "you must not award damages . . . by way of punishment or through sympathy." (Filing no. 49 at CM/ECF p. 14 (Instruction No. 13).)

I find and conclude that the verdict of the jury on the Title VII retaliation claim was excessive, and that the finding of liability and the award of damages was the product of passion and prejudice. *See*, *e.g.*, *Dossett v. First State Bank,* 399 F.3d 940, 945- 947 (8th Cir. 2005) (affirming the grant of new trial on both liability and damages where the jury awarded approximately $1.5 million on First Amendment retaliation claim when the stipulated lost wages were slightly more than $55,000 and the trial court found that the verdict was excessive and the product of passion and prejudice); *Sanford v. Crittenden Memorial Hospital,* 141 F.3d 882, 884-86 (8th Cir. 1998) (affirming the grant of a new trial on both liability and damages where trial court found that $1 million verdict in favor of parents of a child who suffered a total hearing loss due to meningitis was excessive).

For among other reasons, I find and conclude that the verdict was excessive and the product of passion and prejudice regarding both liability and damages because: (1) there was at least one factually difficult issue of liability regarding the issue of causation–that is, whether the plaintiff's complaint(s) of discrimination was (were) a determining factor in the defendants' allegedly adverse decision(s) (filing no. 49 at CM/ECF p. 10 (Instruction No. 9)); (2) the jury was instructed that it should not impose liability simply because it thought an employment decision was harsh or unreasonable (filing no. 49 at CM/ECF p. 13 (Instruction No. 12)); (3) the jury was instructed not to award punitive damages; (4) realizing the plaintiff suffered *no lost wages or benefits*,[2] the size of the "soft" damage award appears to have been driven by passion and prejudice because there was *no* evidence presented to the jury from which the amount awarded might reasonably be based; (5) in particular, there was *no* evidence offered to support a rational estimate of future pecuniary losses; (6) in particular, there was *no* expert testimony, testimony of treating doctors, medical records, testimony from family members or, for that matter, testimony from the plaintiff to support a damage award of $280,000 for emotional distress, and the like; and (7) in particular, the plaintiff's own

---

[2] Indeed, plaintiff left to take another job paying $20,000 more than she was earning.

description of how she was damaged (filing no. 71 at CM/ECF pp. 146-147) was brief, very general and wholly insufficient to support a rational award of $280,000. Therefore, pursuant to Federal Rule of Civil Procedure 59(a)(1)(A),

IT IS ORDERED that:

1. The defendants' Motion for Judgment as a Matter of Law or for a New Trial (filing no. 72) is granted to the extent that the judgment (filing no. 58) on the Title VII retaliation claim is set aside, the judgment (filing no. 76) awarding attorney fees and costs regarding the judgment on the Title VII retaliation claim is set aside, and a new trial is ordered on liability and damages regarding the Title VII retaliation claim. The judgment (filing no. 58) finding in favor of the defendants on all other claims is not altered and remains in full force.

2. The defendants' Motion for Judgment as a Matter of Law or for a New Trial (filing no. 72) is otherwise denied.

3. This matter is referred to Judge Zwart for trial setting.

DATED this 1st day of March, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.