IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTY L. CARLSON, | ) | 4:09CV3213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA, and | ) | |
| DR. KEN HUBBARD, Director of High | ) | |
| Plains Regional Climate Center, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 7, 2010, judgment was entered on a jury verdict awarding the plaintiff, Christy Carlson, damages in the amount of $280,000.00 against the defendants, Board of Regents of the University of Nebraska and Dr. Ken Hubbard, on the plaintiff's Title VII retaliation claim. (Filing 58.) On January 4, 2011, a second judgment was entered awarding the plaintiff attorney's fees in the amount of $20,037.40. (Filing 76.) On March 1, 2011, both judgments were set aside and a new trial was ordered as to liability and damages on the Title VII retaliation claim. (Filing 80.)

On April 29, 2011, the plaintiff filed two documents. The first document appears to be an offer of judgment that the defendants served on the plaintiff by mail on April 13, 2011. The document states:

> The Board of Regents of the University of Nebraska, on behalf of all defendants, hereby offers to allow judgment to be taken by the plaintiff against it for the sum of $25,000.00, with reasonable costs then accrued. If counsel are unable to agree on the costs, the Court will be asked to determine their amount. This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure, solely to compromise the claim in this dispute without admitting the validity of plaintiffs contentions or any allegations of wrongdoing by the defendants, and evidence of this offer is not admissible except at a proceeding to determine costs. Acceptance of this offer will constitute a complete release of any and all

-2-

> claims associated with plaintiffs employment at the University of Nebraska. If this offer is not accepted in writing delivered to the undersigned within ten days after it has been served upon you, it shall be deemed withdrawn.

(Filing 83.) The second document purports to be an acceptance of the offer, but it adds a demand for attorney's fees. It reads:

> Plaintiff hereby accepts the offer to allow judgment against the Board of Regents, University of Nebraska, in the amount of $25,000.00 plus reasonable costs, and attorney fees.

(Filing 84.) This document was not signed, causing a deficiency notice to be issued by the clerk of the court. This deficiency was not remedied.

However, on May 6, 2011, a "satisfaction of judgment" signed by the plaintiff's attorney was filed by the defendants. It states:

> For good and valuable consideration, the receipt of which is hereby acknowledged, the plaintiff in the above-entitled cause hereby acknowledges full payment and satisfaction of the judgment entered herein against the defendants and hereby releases, discharges, and satisfies the same of record.

(Filing 86.) Of course, there no longer is a judgment on record in favor of the plaintiff.[1]

Because the parties appear to have settled the Title VII retaliation claim, I propose to enter a judgment dismissing that claim with prejudice and closing the case. Accordingly,

IT IS ORDERED that the parties are directed to show cause, within 10 days, why the court should not enter judgment dismissing with prejudice the plaintiff's Title VII retaliation claim, with each party to pay their own costs and attorney's fees.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

[1] The judgment entered on December 7, 2010, remains in effect to the extent that judgment was entered in favor of the defendants on other claims alleged by the plaintiff.